UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-216-F

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE, | ) | |
| INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DENNIS E. RANKIN, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Seal [DE-19]. In an order filed January 9, 2015 [DE-21], the court stated that it had carefully considered the prerequisites for a motion to seal set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988), and concluded that these prerequisites had been satisfied, with the exception of Defendant showing that there existed no alternative to the sealing of entire documents. Specifically, the court observed that it appeared that private information could be redacted, and the court directed Defendant to file proposed redacted versions of the documents.

Defendant has timely complied with the court's directive. After reviewing the proposed redactions, the court finds that they redact only the necessary private information of Defendant. Accordingly, the Motion to Seal [DE-19] is ALLOWED, and the Clerk of Court is DIRECTED to maintain the following documents under permanent SEAL: (1) the Complaint, and the attachments thereto [DE-1, DE-1-1, DE-1-2, DE-1-3]; (2) the Answer [DE-9], and (3) the Reply [DE-14].

Defendant indicated in his motion to seal that the parties have reached a settlement of this matter. Accordingly, Plaintiff's Motion to Dismiss [DE-13] is DENIED without prejudice, and

this case is DISMISSED without prejudice to either party to reopen should settlement not be consummated on or before March 2, 2015.

SO ORDERED.

This the 15th day of January, 2015.

_____
James C. Fox
Senior United States District Judge